UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV00207 ERW |
| ) | |
| FRANK L. ZERJAV, SR., et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for More Definite Statement [doc. #15], Plaintiff's Motion for Preliminary Injunction [doc. #18] and Defendants' First Motion for Discovery [doc. #33].

## **I. BACKGROUND**

Plaintiff filed suit against Defendants on February 11, 2008 alleging violations of the Internal Revenue Code, and seeking a permanent injunction. Defendants did not file an answer to the Complaint, but rather filed a motion for a more definite statement. Subsequently, Plaintiff filed a motion for a preliminary injunction. Defendants sought an extension of time to respond to Plaintiff's preliminary injunction motion. The Court held a hearing on April 23, 2008, at which time the Court ordered that the Motion for a More definite statement would be held in abeyance pending the ruling on the Preliminary Injunction, and further granted the motion for an extension of time to Defendants to file their response.

The Parties completed briefing on Plaintiff's motion for a preliminary injunction, however, Defendants argued that they could not fully respond to the factual assertions in Plaintiff's briefs

1

due to a lack of discovery. In accordance with this argument, Defendants filed a motion for discovery on May 28, 2008, requesting an order by this Court to compel Rule 26(a)(1) initial disclosures, and to permit discovery in accordance with the federal rules. The Court will address all pending motions at this time.

## III. DISCUSSION

Under the Federal Rules of Civil Procedure a party must file an answer within twenty days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). However, a party is excused from filing an answer if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Under the notice pleading standard articulated in Rule 8, requires only "a short plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Motions for a more definite statement are rarely granted . . . in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides." *Lemp v. Ocwen Loan Servicing, LLC*, 2008 WL 2276935 *2 (D. Neb. 2008). "A motion for a more definite statement is proper when a party is unable to determine the issues he must meet . . . ." *Tinder v. Lewis County Nursing Home Dist.*, 207 F.Supp.2d 951, 959 (E. D. Mo. 2001). Considering the extensive briefing that has occurred in this case, in addition to the Complaint that was filed by Plaintiff, the Court cannot conclude that the Complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response. The level of detail in Plaintiff's motion for a preliminary injunction makes abundantly clear the allegations that are being made against Defendants, and therefore defendants are obligated to respond. In order for the case to proceed, the Court orders that Defendants file an answer to the Complaint within five (5) days of the date of this order.

Additionally, the Court notes that Defendants' request discovery in order to respond to Plaintiff's allegations, and heavily emphasized this point in arguments before this Court. However, under the Federal Rules, the Plaintiff is not obligated to provide any initial disclosures, or any other discovery, until the Parties have conferred prior to the scheduling of a Rule 16 conference. Fed. R. Civ. P. 26(d). A Rule 16 conference is not scheduled until after an answer has been filed. Therefore, the Plaintiff is not in error in failing to respond to discovery requests, until an answer has been filed.

The Court does recognize Defendants' need to conduct discovery in order to fully respond to Plaintiff's motion for a preliminary injunction. Therefore, Defendants' motion for discovery is granted in part and denied in part. Following the filing of an answer, each party shall comply with the initial disclosure requirements of Rule 26, and additional discovery shall be permitted in accordance with the terms of this order. Defendants may depose nine of the eighteen affiants identified in Plaintiff's motion for a preliminary injunction, as well as the two former employees, Montana and Nieman.[1] Defendants must complete the requested discovery within thirty (30) days of the date of this order.

The Court will not rule on Plaintiff's motion for a preliminary injunction at this time, but rather shall continue the hearing on that matter until August 1, 2008 at 9:00 a.m., after the Parties have had the opportunity to conduct discovery. The Court expects both Parties to be prepared at that time to present evidence and argument that fully addresses the issues before the Court, so that a ruling may be made on the preliminary injunction motion.

---

[1]The Court is referring to these individuals as former employees, however, this is not intended to be a legal conclusion. The Court recognizes that during the hearing on this matter Defendants Zerjav & Company, L.C. and Zerjav & Company, P.C., and Advisory Group U.S.A., L.C.'s counsel disputed that these individuals were employees, but rather identified them as independent contractors.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for More Definite Statement [doc. #15] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer to the Complaint within five (5) days of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction is set for a hearing on August 1, 2008, at 9:00 a.m. The Parties shall appear at that time to address the motion.

**IT IS FURTHER ORDERED** that Defendants' First Motion for Discovery [doc. #33] is **GRANTED in part** and **DENIED in part.** The Parties shall have thirty (30) days to complete the discovery in accordance with this order.

Dated this <u>18th</u> Day of <u>June</u>, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE