UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00207 ERW |
| ) | |
| FRANK L. ZERJAV, SR. et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on United States' Motion to Compel [doc. #130]. A hearing was held on July 10, 2009, and the Court heard arguments from the Parties on the pending Motion. The Court has reviewed the United States' First Request for Production of Documents and the Response of Defendants Zerjav & Company, L.C., Zerjav & Company, P.C., and Advisory Group USA, L.C. (collectively, "Business Entity Defendants"). The Court will address each of the United States' Requests and the Business Entity Defendants' objections below.

As a preliminary matter, with respect to metadata, the Court notes that the United States already has a large portion of the requested electronic data in its possession as a result of the search warrant. The Parties have reached some accord on the production of metadata. While the Parties may exchange metadata by agreement, the Court has no intention of requiring any party, in any case, to produce metadata without showing that other means of obtaining the discoverable material failed. Additionally, with respect to the scope of discovery, the Court finds that the United States has the ability to audit additional tax returns prepared by Frank L. Zerjav, Sr., Frank

L. Zerjav, Jr., or any of the Business Entity Defendants. As a result, the Court will not require the Business Entity Defendants to produce returns or information beyond the audits that were already conducted, that are currently being conducted, or which will hereafter be conducted of tax returns prepared by Frank L. Zerjav, Sr., Frank L. Zerjav, Jr., or any of the Business Entity Defendants.

Moving to the individual Requests and objections, the Court's findings are as follows:

1. The Business Entity Defendants' objection to Document Request #1 is overruled. The Business Entity Defendants are required to produce all documents identified in their Rule 26(a)(1) disclosures.

2. The Business Entity Defendants' objection to Document Request #2 is sustained, as the Court finds that the Request is overbroad.

3. The Business Entity Defendants' objection to Document Request #3 is overruled. The Business Entity Defendants are required to produce all documents they have sent to or received from their customers who have been audited by the IRS. However, the Court finds that there is no obligation to produce metadata, unless it is produced by agreement.

4. The Business Entity Defendants' objection to Document Request #4 is sustained, as the Court finds that the Request is overbroad.

5. The Business Entity Defendants' objection to Document Request #5 is sustained, as the Court finds that the Request is overbroad.

6. The Business Entity Defendants' objection to Document Request #6 is sustained, as the Court finds that the Request is overbroad.

7. The Business Entity Defendants' objection to Document Request #7 is sustained, as the Court finds that the Request is overbroad.

8. The Business Entity Defendants' objection to Document Request #8 is overruled. The Business Entity Defendants are required to produce all documents relating or referring to employees or independent contractors they have disciplined for putting false or incorrect information into federal tax returns prepared by the Business Entity Defendants. However, the Court finds that there is no obligation to produce metadata, unless it is produced by agreement.

9. The Business Entity Defendants' objection to Document Request #9 is sustained, as the Court finds that the Request is overbroad.

10. The Business Entity Defendants' objection to Document Request #10 is sustained, as the Court finds that the Request is overbroad.

11. The Business Entity Defendants' objection to Document Request #11 is sustained, as the Court finds that the Request is overbroad.

12. The Business Entity Defendants' objection to Document Request #12 is sustained, as the Court finds that the Request is overbroad.

13. The Business Entity Defendants' objection to Document Request #13 is sustained, as the Court finds that the Request is overbroad.

14. The Business Entity Defendants' objection to Document Request #14 is sustained, as the Court finds that the Request is overbroad.

15. The Business Entity Defendants' objection to Document Request #15 is sustained, as the Court finds that the Request is overbroad.

16. The Business Entity Defendants' objection to Document Request #16 is sustained, as the Court finds that the Request is overbroad.

17. The Business Entity Defendants' objection to Document Request #17 is sustained, as the Court finds that the Request is overbroad.

18. The Business Entity Defendants' objection to Document Request #18 is sustained, as the Court finds that the Request is overbroad.

19. The Business Entity Defendants' objection to Document Request #19 is sustained, as the Court finds that the Request is overbroad.

20. The Business Entity Defendants' objection to Document Request #20 is overruled. The Business Entity Defendants are required to produce all documents regarding any websites they maintained or used to post any information during the relevant time period.

21. The Business Entity Defendants' objection to Document Request #21 is overruled. The Business Entity Defendants are required to produce all promotional material they have distributed or shown to customers or potential customers. However, the Court finds that there is no obligation to produce metadata, unless it is produced by agreement.

22. The Business Entity Defendants' objection to Document Request #22 is sustained, as the Court finds that the Request is overbroad.

23. The Business Entity Defendants' objection to Document Request #23 is overruled. The Business Entity Defendants are required to produce tape recordings of any meeting they or their employees or contractors have had with any IRS employees.

24. The Business Entity Defendants' objection to Document Request #24 is sustained, as the Court finds that the Request is overbroad.

25. The Business Entity Defendants' objection to Document Request #25 is sustained, as the Court finds that the Request is overbroad.

26. The Business Entity Defendants' objection to Document Request #26 is sustained, as the Court finds that the Request is overbroad.

27. The Business Entity Defendants' objection to Document Request #27 is sustained, as the Court finds that the Request is overbroad.

28. The Business Entity Defendants' objection to Document Request #28 is overruled. The Business Entity Defendants are required to produce copies of their federal and state income tax returns.

29. The Business Entity Defendants' objection to Document Request #29 is sustained, as the Court finds that the Request is overbroad.

30. The Business Entity Defendants' objection to Document Request #30 is overruled. The Business Entity Defendants are required to produce all tape recordings of meetings with customers, to the extent that the customers were informed that they were being taped and the customers first have an opportunity to have notice of the Request and are given a reasonable time to object.

31. The Business Entity Defendants' objection to Document Request #31 is sustained, as the Court finds that the Request is overbroad.

32. The Business Entity Defendants' objection to Document Request #32 is sustained, as the Court finds that the Request is overbroad.

33. The Business Entity Defendants' objection to Document Request #33 is overruled. The Business Entity Defendants are required to produce copies of all contracts, agreements or other documents describing the job duties and responsibilities of anyone who worked for

them as an employee or contractor since January 1, 2004. However, the Court finds that there is no obligation to produce metadata, unless it is produced by agreement.

34. The Business Entity Defendants' objection to Document Request #34 is sustained, as the Court finds that the Request is overbroad.

35. The Business Entity Defendants' objection to Document Request #35 is overruled. The Business Entity Defendants are required to produce copies of any and all training materials and other written instructions or guidance provided to tax advisors, preparers and support staff. However, the Court finds that there is no obligation to produce metadata, unless it is produced by agreement.

36. The Business Entity Defendants' objection to Document Request #36 is sustained, as the Court finds that the Request is vague and overbroad.

37. The Business Entity Defendants' objection to Document Request #37 is sustained, as the Court finds that the Request is overbroad.

38. The Business Entity Defendants' objection to Document Request #38 is sustained, as the Court finds that the Request is overbroad.

39. The Business Entity Defendants' objection to Document Request #39 is overruled. The Business Entity Defendants are required to produce copies of all documents sent to employees or independent contractors regarding their employment. However, the Court finds that there is no obligation to produce metadata, unless it is produced by agreement.

40. The Business Entity Defendants' objection to Document Request #40 is overruled. The Business Entity Defendants are required to produce all videos, CDs, recordings or tapes of coaching sessions.

41. The Business Entity Defendants' objection to Document Request #41 is sustained, as the Court finds that the Request is overbroad.

42. The Business Entity Defendants' objection to Document Request #42 is overruled. The Business Entity Defendants are required to produce all documents sent to customers or others, including former employees, regarding this case or the IRS investigation of Frank Zerjav, Sr. or Frank Zerjav, Jr.

43. The Business Entity Defendants' objection to Document Request #43 is overruled. The Business Entity Defendants are required to produce all documents reflecting training provided to employees or independent contractors on the internal revenue laws.

44. The Business Entity Defendants' objection to Document Request #44 is sustained, as the Court finds that the Request is overbroad.

45. The Business Entity Defendants' objection to Document Request #45 is sustained, as the Court finds that the Request is overbroad.

46. The Business Entity Defendants' objection to Document Request #46 is sustained, as the Court finds that the Request is overbroad.

47. The Business Entity Defendants' objection to Document Request #47 is sustained, as the Court finds that the Request is overbroad.

48. The Business Entity Defendants' objection to Document Request #48 is sustained, as the Court finds that the Request is overbroad.

49. The Business Entity Defendants' objection to Document Request #49 is overruled. The Business Entity Defendants are required to produce any legal opinion letters they relied on regarding items claimed on returns.

50. The Business Entity Defendants' objection to Document Request #50 is sustained, as the Court finds that the Request is vague and overbroad.

51. The Business Entity Defendants' objection to Document Request #51 is overruled. The Business Entity Defendants are required to produce all documents, notes and minutes regarding meetings with employees regarding this case or the IRS civil investigation preceding it.

The Court also finds that an award of sanctions would be inappropriate in this case. Thus, the United States' request for an award of expenses and attorney's fees incurred in bringing their Motion to Compel is denied.

Accordingly,

**IT IS HEREBY ORDERED** that United States' Motion to Compel [doc. #130] is **GRANTED, in part**, and **DENIED, in part**.

Dated this 14th Day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE