IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-cv-00207 |
| | ) |
| FRANK L. ZERJAV, SR., FRANK L. | ) |
| ZERJAV, JR., ZERJAV & COMPANY, | ) |
| L.C., ZERJAV & COMPANY, P.C., | ) |
| and ADVISORY GROUP USA, L.C., | ) |
| | ) |
| Defendants. | ) |

**Stipulated Order**

The United States has filed a complaint for permanent injunction under 26 U.S.C. §§ 7407, 7408 and 7402(a) against Frank L. Zerjav, Sr., and Frank L. "Tiger" Zerjav, Jr., Zerjav & Company, L.C., Zerjav & Company, P.C., and Advisory Group USA, L.C.

The parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure. The parties understand that this order is entered under Fed. R. Civ. P. 65 and constitutes the final judgment in this matter, waive the right to appeal from this judgment, and agree that they will bear their respective costs, including any attorneys' fees or other expenses of this litigation.

Nothing in this order shall constitute an admission of liability by defendants of any of the matters alleged in the Complaint or in the United States' Motion for Preliminary Injunction or suggested therein. This order was entered into by defendants to resolve all disputed claims and to avoid the expense and risk of ongoing litigation. The parties consent to the entry of this order without further notice and agree to be bound by its terms. The parties further understand and agree that the Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this order, and defendants understand that if they violate the order, they may be subject to civil and criminal sanctions for contempt of court.

## Order

**1. IT IS HEREBY ORDERED** that for a period of three (3) years from the date of entry of this Order, defendant Frank L. "Tiger" Zerjav, Jr. is enjoined pursuant to Internal Revenue Code (I.R.C.) (26 U.S.C.) §§ 7402, 7407, and 7408 from directly or indirectly: acting as a federal tax return preparer or assisting in, employing others to, or directing the preparation of or filing of federal tax returns for any person or entity other than Frank L. "Tiger" Zerjav, Jr.; preparing or filing (or helping to prepare or file) federal tax returns, amended returns, or other related documents and forms for others; and providing tax advice to any person or entity, including rendering advice or "coaching" which is directly relevant to the determination of the existence, characterization, or amount of an entry on a return or claim for refund.

Tiger Zerjav shall be permitted to conduct administrative, managerial, marketing, and business-development services on behalf of Zerjav & Company, L.C. and Zerjav & Company, P.C. during the three-year tax-preparation and tax-advice injunction period referenced above.

**2. IT IS HEREBY ORDERED** that defendant Advisory Group USA, L.C., and its representatives, agents, servants, employees, and anyone in active concert or participation with it, shall cease conducting business as of April 1, 2010, and is enjoined pursuant to Internal Revenue Code (I.R.C.) (26 U.S.C.) §§ 7402, 7407, and 7408 from directly or indirectly providing tax advice and preparing or filing (or helping to prepare or file) federal tax returns, amended returns, or other related documents and forms for others.

**3. IT IS HEREBY ORDERED** that defendants Frank L. Zerjav, Sr., Frank L. "Tiger" Zerjav, Jr., Zerjav & Company, L.C., and Zerjav & Company, P.C., and their representatives, agents, servants, employees, and anyone in active concert or participation with them, are enjoined pursuant to Internal Revenue Code (I.R.C.) (26 U.S.C.) §§ 7402, 7407, and 7408 from directly or indirectly:

    A.    engaging in conduct subject to penalty under I.R.C. § 6700, including making, in connection with the organization or sale of any plan or

        arrangement, a statement about the tax benefits of participating in a plan or arrangement that defendants know or have reason to know is false or fraudulent as to a material matter;

B. engaging in any conduct subject to penalty under I.R.C. § 6694, including preparing tax returns for customers reporting an understatement of liability due to an unreasonable position without substantial authority or more likely than not to not be sustained on its merits;

C. engaging in conduct subject to penalty under I.R.C. § 6701, including advising, or preparing or assisting others in the preparation of any tax forms or other documents to be used in connection with any material matter arising under the internal revenue laws and which they know will (if so used) result in the understatement of another person's tax liability;

D. engaging in any other activity subject to penalty under IRC §§ 6694, 6695, 6701, or any other preparer penalty provision of the IRC, or engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws;

E. preparing or filing federal tax returns, forms or documents, or advising, assisting, or instructing anyone to prepare or file federal tax returns, forms or documents that:

    1. claim a rent deduction when a shareholder/taxpayer rents any portion of his personal home to his employer, trade, business, or other entity;

    2. purport to establish that shareholders/taxpayers who rent their personal home or personal vehicle are not required to report the rental payments as taxable income because the taxpayer has an accountable plan or other reimbursement policy in effect;

    3. do not report automobile leasing or reimbursement income for shareholders/taxpayers who lease their personal vehicle for the convenience of their employer, trade, business, or other entity;

4.  claim business deductions for non-deductible personal expenses on any corporate, partnership, tax exempt entity or any other entities' federal tax returns;

5.  deduct a wage for shareholders/employees unless such wage is reasonable as set forth in I.R.C. §§ 162(a)(1) and 312(a) and the regulations promulgated thereunder. Defendants shall also provide customers who need to determine a reasonable wage a copy of IRS Fact Sheet 2008-25, and retain in the customers' file a copy of IRS Form 2008-25 and all other documentation establishing the reasonableness of the customers' wage.

6.  report compensation paid to a customer-created entity which is not reasonable and/or related to the work performed, including bookkeeping, management, staffing, and support services (or any derivation of these services).

7.  claim a 26 U.S.C. § 179 deduction unless in compliance with 26 U.S.C. § 179 and the regulations promulgated thereunder;

8.  claim deductions for wages paid to children unless the wages are reasonable, are for services rendered as a bona fide employee of the taxpayer's trade or business, and the customers provide detailed records of the child's work history;

9.  claim restaurant meals as a deductible business expense, unless the deduction meets the requirements of 26 U.S.C. § 162, and the taxpayer documents the date, time, purpose, and participants in accordance with 26 U.S.C. § 274;

10. deduct amounts paid or incurred by an employer for educational assistance under 26 U.S.C. § 127, when the employer paid more than 5% of educational assistance to benefit shareholders or owners (or their spouses or dependents);

11. deduct child care expenses under 26 U.S.C. § 129, where the business paid more than 25% of childcare expenses to benefit shareholders or owners (or their spouses or dependents);

12. deduct equipment lease payments for businesses which have transferred, for no consideration, assets or equipment into a newly formed entity, business, or trust; and

13. classify shareholder distributions as "loans to shareholders."

    F.    making adjusting journal entries or otherwise changing customers' QuickBooks ledger entries or other accounting records without informing the customers of the changes; and

    G.    misrepresenting the terms of this order.

**4. IT IS HEREBY ORDERED** that defendants shall provide a copy of this order to all of defendants' principals, officers, managers, employees, and independent contractors within 15 days and provide to counsel for the United States within 30 days a signed and dated acknowledgment of receipt of this Order for each person for whom defendants provided a copy of this Order in compliance with this paragraph.

**5. IT IS HEREBY ORDERED** that for a period of five (5) years from the date of entry of this Order, Frank Zerjav, Sr. shall notify counsel for the United States in writing of any change in employment status (including self-employment), and any change in his ownership interest in any business entity, within thirty (30) days of such change. Such notice shall include the name and address of each business that Frank Zerjav, Sr. is affiliated with, employed by, or provides services for, a statement of the nature of the business, and a statement of Frank Zerjav, Sr.'s duties and responsibilities in connection with the business or employment.

**6. IT IS HEREBY ORDERED** that for a period of five (5) years from the date of entry of this Order, defendants shall notify counsel for the United States of any changes in the structure of any business entity that the defendants directly or indirectly control, or have an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days before such change, provided that, with respect to any proposed change in the business entity about which defendants

learn less than thirty (30) days before the date such action is to take place, defendants shall notify counsel for the United States as soon as it is practicable after obtaining such knowledge.

**7. IT IS HEREBY ORDERED** that in February of each year for a period of five (5) years from the date of entry of this Order, beginning in February 2011, for the purpose of determining or securing compliance with its provisions, a neutral monitor, to be determined by the parties by agreement or by the Court if the parties cannot agree, who is an attorney or CPA, shall inspect and review ten (10) federal tax returns (a corporate and related individual returns shall be counted as one return for purposes of this Order) prepared by defendants since this Order was entered to ensure compliance with this Order. Defendants and their representatives, agents, servants, employees, and anyone in active concert or participation with them shall permit the neutral monitor, within three (3) business days of receipt of written notice from the neutral monitor, access during normal business hours to any office or facility storing documents of any business that the defendants directly or indirectly manages, controls, or has a majority interest in, and to inspect and copy all documents, including tax returns to review, relevant to any matter contained in this Order. Defendants shall also permit the neutral monitor to interview defendants, principals, officers, customers, employees, independent contractors, or any other person with relevant information regarding any matter contained in this Order.

Within sixty (60) days of terminating its investigation, the neutral monitor shall provide a written report to defendants and the United States setting forth in detail the manner and form in which defendants have complied or not complied with the injunction. The costs of the neutral monitor shall be paid by defendants.

**8. IT IS HEREBY ORDERED** that the Court retains jurisdiction to enforce this injunction and that in order to monitor defendants' compliance with this injunction, the United States may conduct formal discovery using the procedures prescribed by Fed. R. Civ. P. 30, 31,

33, 34, 36, and 45 or as otherwise provided in the Federal Rules of Civil Procedure.

SO ORDERED this **26th** day of **March** 2010.

_____
E. Richard Webber
United States District Judge

Seen and Agreed:

Dated: _3/22/10_    _____
                    Frank L. Zerjav, Sr.
                    13 Maryhill Drive
                    Ladue, Missouri 63124


Dated: _____    _____
                         Paula Junghans
                         Zuckerman Spaeder LLP
                         1800 M. Street, NW, Suite 1000
                         Washington, DC 20036-5802
                         Counsel for Frank L. Zerjav, Sr.

4950538.1                          -8-

**Seen and Agreed:**

Dated: _____

                                  Frank L. Zerjav, Sr.
                                  13 Maryhill Drive
                                  Ladue, Missouri 63124

Dated: March 24 2010

                                  Paula Junghans
                                  Zuckerman Spaeder LLP
                                  1800 M. Street, NW, Suite 1000
                                  Washington, DC 20036-5802
                                  Counsel for Frank L. Zerjav, Sr.

**Seen and Agreed:**

Dated: 3/02/19

Frank L. Zerjav, Jr.
19202 Old Manchester Road
Wildwood, Missouri 63069-2561

Dated: _____

Matt Jacober
Scott Dickenson
10 South Broadway, Suite 1300
St. Louis, Missouri 63102
Counsel for Frank L. Zerjav, Sr.

**Seen and Agreed:**

Dated: _____

_____
Frank L. Zerjav, Jr.
19202 Old Manchester Road
Wildwood, Missouri 63069-2561

Dated: 3/24/2010

_____
Matt Jacober
Scott Dickenson
10 South Broadway, Suite 1300
St. Louis, Missouri 63102
Counsel for Frank L. Zerjav, Sr.

4950538.1

-9-

Seen and Agreed:

Dated: 3/22/10

Zerjav & Company, P.C.
1980 Concourse Drive
St. Louis, Missouri 63146

By: _____

Dated: 3/22/10

Zerjav & Company, L.C.
1980 Concourse Drive
St. Louis, Missouri 63146

By: _____

Dated: 3/22/10

Advisory Group USA, L.C.
1980 Concourse Drive
St. Louis, Missouri 63146

By: _____

Dated: 3/24/10

Neil Bruntrager
1735 South Big Bend Blvd.
St. Louis, Missouri 63117
Counsel for Corporate defendants

4950538.1                      -10-

**Seen and Agreed:**

Dated: March 26, 2010

Michael R. Roessner
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-3227
Facsimile: (202) 514-6770
Email: michael.j.roessner@usdoj.gov
Counsel for the United States

Dated: March 26, 2010

Michael R. Pahl
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6488
Facsimile: (202) 514-6770
Email: michael.r.pahl@usdoj.gov
Counsel for the United States