UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00207 ERW |
| ) | |
| FRANK L. ZERJAV, SR., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court upon the United States' Motion to Compel Disclosure of Names in Monitor's Reports [ECF No. 260].

The United States filed a Complaint against Frank L. Zerjav, Sr.; Frank L. "Tiger" Zerjav, Jr.; Zerjav & Company, L.C.; Zerjav & Company, P.C.; and Advisory Group USA, L.C. (collectively referred to as "Defendants"), requesting a permanent injunction against these defendants under 26 U.S.C. §§ 7407, 7408, 7402(a).

On March 26, 2010, this Court entered, upon the parties' consent to its entry and their agreement to be bound by its terms, a Stipulated Order that, among other things, enjoined Defendants from directly or indirectly engaging in certain tax-preparer conduct, assistance, or activity related to tax-preparation or advice, for a three-year period [ECF No. 213]. In this Stipulated Order, the Court ordered that, in February of each year, beginning in February 2011, and continuing for five (5) years, a neutral monitor would inspect and review ten (10) federal tax returns prepared by Defendants, to ensure compliance with the Stipulated Order, and would provide a written report to defendants and the United States. On December 30, 2010, the Court appointed Steven V. Stenger as Neutral Monitor in the matter [ECF No. 230].

In its Motion to Compel, the United States asserted the Neutral Monitor served and filed reports for the years 2010 and 2011, but claims the reports do not disclose the names of the taxpayers associated with the inspected returns. The United States moved the Court to compel the Neutral Monitor to disclose to the United States the identities (names and taxpayer identification numbers) of the individuals whose federal tax returns the Neutral Monitor reviewed for the reports he submitted in this case. The United States claimed the Neutral Monitor detected relevant issues, such as reasonable compensation, home office deductions, rent deductions, and real estate qualifications, as to whether defendants had complied with the Order. The United States asserted the Neutral Monitor stated these issues required clarification and additional information. The United States contended the requested information is needed to monitor compliance with the injunction order entered in this case, and is not protected from disclosure to the United States.

Defendant filed a Memorandum in Opposition to the United States' Motion to Compel [ECF No. 262]. In his Memorandum in Opposition, Defendant claimed the Neutral Monitor did not state the issues required clarification and additional information, and asserted the monitor provided the relevant information for his determination whether the Stipulated Ordered had been violated. Defendant contended the Motion to Compel does not serve to monitor or enforce Defendants' compliance with the Stipulated order, is unnecessary and invasive, and subjects the individual taxpayers to an audit of their returns. He argued compelling disclosure of this information negates the purpose for having a Neutral Monitor inspect the federal tax returns to ensure Defendants' compliance with the order.

In its Reply in Support of Motion to Compel Disclosure of Names in Monitor's Reports [ECF No. 264], the United States set forth a summary of problem areas the Neutral Monitor

identified in several returns, and contended the Neutral Monitor was unable to conclude in each listed situation that the defendants were in compliance with the injunction order entered in this matter. The United States argued it is not the Neutral Monitor's duty to hide from the IRS the identities of taxpayers for whom defendants may have prepared and filed false or fraudulent returns, and it contended the injunction order's aim of deterring the defendants from this conduct is thwarted if the names of the taxpayers are censored.

On its own motion, this Court entered an Order on January 10, 2014, quashing a subpoena issued to the Neutral Monitor for appearance on January 22, 2014, until the Court issued its ruling on the pending Motion to Compel. Having heard argument of counsel for the parties, and testimony of the court-appointed neutral, the Court finds the reports of the Neutral Monitor do not establish non-compliance with the Stipulated Order. The United States' Motion to Compel Disclosure of Names in Monitor's Reports [ECF No. 260] will be denied. Costs of the Neutral Monitor's appearance for hearing will be assessed to Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that United States' Motion to Compel Disclosure of Names in Monitor's Reports [ECF No. 260] is **DENIED.**

**IT IS FURTHER ORDERED** that costs of the Neutral Monitor's appearance is hereby assessed to Defendant Frank L. Zerjav, Sr.

Dated this __18th__ day of February, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE